IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| STEPHEN R. FIELD,<br><br>                     *Plaintiff,*<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                     *Defendant.* | CIVIL ACTION No. 6:11-cv-00049<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before me on consideration of the following: the parties' cross-motions for summary judgment (docket nos. 11 and 17); the Report and Recommendation ("Report") of United States Magistrate Judge Robert S. Ballou (docket no. 21); and Plaintiff's objections (docket no. 22) to the Report.

In his Report, the magistrate judge recommends that I affirm the final decision of the Commissioner of Social Security ("Defendant," or the "Commissioner"), denying Plaintiff's claims for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). Plaintiff timely filed objections to the Report, obligating the court to undertake a *de novo* review of those portions of the Report to which proper objections were lodged. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Having conducted such a review, I find that the objections are without merit and that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet his burden of establishing that he was disabled under the Act. Accordingly, for the reasons stated herein, I will overrule Plaintiff's objections and will adopt the magistrate judge's Report *in toto*.

# I.

The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the administrative law judge, or "ALJ"), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589. However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024-25 (4th Cir. 1985) (*abrogated on other grounds by Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Furthermore, "ALJs have a duty to analyze 'all of the

Case 6:11-cv-00049-NKM-RSB   Document 25   Filed 02/26/13   Page 2 of 7   Pageid#: 717

relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted).

Federal Rule of Civil Procedure 72 permits a party to submit objections to a magistrate judge's ruling to the district court within fourteen days of the order. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b). The district court conducts a *de novo* review of those portions of a magistrate's report and recommendation to which specific objections were made. Fed. R. Civ. P. 72(b)(3); *Orpiano*, 687 F.2d at 48. General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (2008). Those portions of the magistrate judge's report and recommendation to which no objection are made will be upheld unless they are clearly erroneous or contrary to law. *See Orpiano*, 687 F.2d at 47 (citing *Webb v. Califano*, 468 F. Supp. 825, 830 (E.D. Cal.1979)). The district court may accept, reject, or modify the recommended disposition based on its *de novo* review of the recommendation and the objections made. Fed. R. Civ. P. 72(b)(3).

II.

A.

The magistrate judge's Report provides the following "Social and Vocational History" for Plaintiff:

> [Plaintiff] was born on July 5, 1963 (Administrative Record, hereinafter "R." 37, 127) and is considered a younger individual under the Act. 20 C.F.R. §§ 404.1563(c), 416.963(c). [Plaintiff's] date last insured is December 31, 2013 [*sic*], and thus, he must show that his disability began before that date, and existed for twelve continuous months to receive DIB benefits. 42 U.S.C. §§

423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101(a), 404.131(a). To receive SSI benefits, [Plaintiff] must establish that his disability began on or after the date he applied for benefits. 42 U.S.C. § 1383(a)(1); 20 C.F.R. § 416.501.

[Plaintiff] completed the eleventh grade of formal schooling and later earned a GED. (R. 38.) [Plaintiff] has a work history in light, medium and heavy work. This work includes jobs as a metal fabricator, telephone and data line installer, fast food assistant manager, waiter and floor covering sales estimator. (R. 68.) [Plaintiff] claimed that he last worked on April 30, 2008. (R. 38.) He collected unemployment during seven of the eight quarters from the fourth quarter in 2007 through the third quarter 2009. (R. 47-49, 64, 142-143.) [Plaintiff] reported that his daily activities include preparing meals, mowing his lawn, vacuuming, shopping, fishing and hunting. [Plaintiff] also socializes with friends as much as twice a week. (R. 175.)

Additionally, the magistrate judge's Report includes a "Claim History," which states that

Plaintiff

> filed for DIB and SSI, claiming that his disability began on April 30, 2008, asserting that depression, bipolar disorder, COPD, lumbar problems and a heart condition affect his ability to work. (R. 147.) [Plaintiff] also claimed that his conditions affect his ability to concentrate, that he feels weird from depression, has difficulty following directions, and is slow on the job. (R. 147.) The state agency denied [Plaintiff's] application at the initial and reconsideration levels of administrative review. (R. 76-89.) On December 9, 2009, [the] ALJ . . . held a hearing to consider [Plaintiff's] disability claim. (R. 36.) [Plaintiff] was represented by counsel at the hearing, which included testimony from [Plaintiff] and [a] vocational expert ["VE"] . . . . (R. 36-73.)

> On March 24, 2010, the ALJ entered his decision denying [Plaintiff's] claims for DIB and SSI. (R. 19-29.) The ALJ found that [Plaintiff] has severe impairments consisting of bipolar disorder, obesity, alcohol abuse disorder, chronic obstructive pulmonary disease, degenerative joint disease and coronary artery disease. (R. 21.) Considering these impairments, the ALJ found that [Plaintiff] retained the RFC ["residual functional capacity"] to perform light work as defined in 20 C.F.R. § 404.1567(b), except he cannot reach overhead, should avoid moderate exposure to fumes, odors, dust, gases, and poor ventilation, and must avoid concentrated exposure to hazards. The ALJ concluded that [Plaintiff] is able to understand, retain, and follow simple job instructions, maintain concentration and attention for extended periods of time, and maintain regular attendance at the workplace. The RFC outlined by the ALJ also found that [Plaintiff] would not require special supervision to sustain a work routine, that [Plaintiff] could be expected to complete a normal workday and workweek without exacerbation of psychological symptoms, that he is able to maintain

Case 6:11-cv-00049-NKM-RSB Document 25 Filed 02/26/13 Page 4 of 7 Pageid#: 719

socially appropriate behavior, and that he can perform the personal care functions needed to maintain an acceptable level of personal hygiene. The ALJ found [Plaintiff] capable of asking simple questions and accepting instruction, and that [Plaintiff] has no significant restrictions in his abilities in regard to work-related adaptation. (R. 24.) The ALJ determined that [Plaintiff] was not capable of performing his past relevant work. (R. 28.) However, given the evidence obtained from the vocational expert at the administrative hearing, the ALJ found that [Plaintiff] can perform work, such as interviewer, informational clerk and router which exists in significant numbers in the national economy. (R. 29.)

On April 2, 2010, [Plaintiff] requested review of the ALJ.s decision, which the Appeals Council denied on October 12, 2011. (R. 1-6.) This appeal followed. On April 30, 2012, the Court granted [Plaintiff's] motion to supplement the record to provide the second page of [Plaintiff's treating psychiatrist's] December 4, 2009 report. The Court has considered the entire record, as supplemented, in reaching its decision in this appeal.

*B.*

As I have already observed, general objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. *Veney*, 539 F. Supp. 2d at 845. Here, Plaintiff's objections here merely repeat arguments already presented.* To the extent the objections could be construed to be sufficiently specific, they must be overruled.

Regarding Plaintiff's objection that the ALJ mis-evaluated his psychiatrist's opinions about the limiting effects of his alleged psychological limitations, the magistrate judge's Report properly reasons that the record was not sufficient to support the conclusory opinions the psychiatrist offered in December 2009, and that, in fact, the psychiatrist had previously informed the state agency (in a telephone interview conducted to develop the record) that Plaintiff "could

---

* Plaintiff's objections are mostly verbatim reiterations, with the exception of changing a few words and adding a couple of sentences, of his original arguments that the ALJ mis-evaluated the opinions of his psychiatrist and posed an incomplete hypothetical question to the vocational expert. As I have previously explained, when a party simply repackages its previous arguments in the guise of objections, the repeated arguments constitute general objections that lack the requisite specificity. *Veney v. Astrue*, 539 F. Supp. 2d 841, 844-46 (2008).

'probably' perform simple, unskilled work on a regular basis" (R. 474.) Additionally, both the state agency psychologists and Plaintiff's own licensed professional counselor ("LPC") found that Plaintiff could work (R. 474, 504, 529); indeed, the LPC apparently stated that Plaintiff "is not disabled mentally," but "does have a breathing condition" (R. 529). The record reflects that, throughout the relevant period, healthcare personnel consistently found Plaintiff to be alert, oriented, and not in distress. (R. 400-02, 492-94, 537, 568.) On multiple occasions, his demeanor is described as pleasant. (R. 406, 492, 537, 539.) The magistrate judge correctly determined that the ALJ reasonably weighed the treating psychiatrist's December 2009 opinion.

Plaintiff's second objection is a verbatim copy of his original argument that the ALJ posed an incomplete hypothetical question to the VE. Plaintiff contends that the hypothetical failed to include limitations as outlined by the treating psychiatrist. However, as the magistrate judge explained, it was appropriate, based on the record, for the ALJ to accord greater weight to the opinions of the state agency psychologists than to the treating psychiatrist's opinion, and thus the ALJ did not err in omitting the treating psychiatrist's additional unsupported limitations from the hypothetical question to the VE. The hypothetical presented to the VE correctly reflects the conclusions of the state agency examiners and the assessment of Plaintiff's mental impairments as set forth in the RFC.

The conclusions of the magistrate judge and the ALJ comport with applicable law and are supported by substantial evidence in the record. Accordingly, the objections must be overruled.

### III.

Having undertaken a *de novo* review of the Report, I find that Plaintiff's objections are without merit. My review of the record indicates that the magistrate judge was correct in finding

-6-

Case 6:11-cv-00049-NKM-RSB Document 25 Filed 02/26/13 Page 6 of 7 Pageid#: 721

that the Commissioner's final decision is supported by substantial evidence and that Plaintiff did not meet his burden of establishing that he was disabled under the Act. Accordingly, I will enter an order overruling Plaintiff's objections, adopting the magistrate judge's Report *in toto*, granting the Commissioner's motion for summary judgment, denying Plaintiff's motion for summary judgment, and dismissing this action and striking it from the active docket of the court.

Entered this 26th day of February, 2013.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE